UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

Marilynn Phillips
2673 Oswald Drive
Hampstead, Maryland 21074

      Plaintiff,

vs.                                                                 Case No. 12-809

MT WASHINGTON CAMPUS SOUTH
BUSINESS TRUST
5801 Smith Ave.
Baltimore, Maryland 21209

and

Transwestern Carey Winston, L.L.C.
t/a Transwestern Commercial Services
Suite #800
150 N. Wacker Drive
Chicago, Illinois 60606

      Defendants

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**Jurisdiction and Venue**

1.    This is an action for declaratory and injunctive relief, under the Americans With Disabilities Act of 1990, 42 U.S.C. §12101 et. seq. (the "ADA"), which prohibits discrimination against persons with disabilities with regard to their full enjoyment of and access to places of public accommodations.

2.    The Court has jurisdiction to entertain this action under 28 U.S.C. §§1331 and 1343, as a case arising under a federal civil rights law.

3.    Venue is proper under 28 U.S.C. § 1391(b) and applicable Local Rules, in that all material events occurred within the Court's assigned geographical area.

1

**Parties**

4. Plaintiff, Marilynn Phillips ("Phillips"), is an adult resident of Maryland, and an individual with a disability substantially limiting a major life activity, i.e. walking and mobility, covered by the ADA, in that she has post-polio syndrome, severe osteoporosis, and uses a wheelchair for mobility.

5. Defendant Mt. Washington Campus South Business Trust (hereafter "Mt. Washington" or collectively with Transwestern Carey Winston, L.L.C., "defendants") is a business entity formed under the laws of the State of Maryland and the owner and/or operator of a commercial office building and adjoining parking lots/areas located at 5801 Smith Street, Baltimore, Maryland (hereafter "Office Building").

6. Defendant Transwestern Carey Winston, L.L.C., t/a Transwestern Commercial Services (hereafter "Transwestern" or collectively, with defendant Mt. Washington, "defendants"), is a commercial property management company, which, upon information and belief, manages and operates the Office Building on behalf of Mt. Washington.

**The Office Building is a Place of Public Accommodation**

7. The Office Building is a place of public accommodation under Title III of the ADA, as defined by 42 U.S.C. §12181(7)(F), in that it houses offices that provide professional services to members of the general public.

**ADA Prohibition of Discrimination by Places of Public Accommodations**

8. Title III of the ADA, specifically 42 U.S.C. §§12182, prohibits discrimination against any individual on the basis of disability, in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to) or operates a place of public

accommodation, including a failure to make appropriate modifications in policies, practices or procedures, and/or to remove architectural barriers that are structural in nature, in existing facilities, where such removal is readily achievable.

### Architectural Barriers to Access

9. The following conditions exist at the Office Building:

    a) There is an insufficient number of van accessible parking spaces provided;

    b) There are several parking spaces designated as accessible that lack adjacent access aisles;

    c) There is insufficient signage provided regarding the availability of an accessible shuttle service from adjoining parking lots;

    d) Toilet rooms on the premises with 6 or more stalls that do not provide an ambulatory accessible stall;

    e) Barriers that block the accessible path of travel within the women's toilet room on the first floor;

    f) Upon information and belief, other barriers to access exist at the Office Building.

10. Each of the above conditions constitutes an architectural barrier or barriers, violative of Title III of the ADA.

11. By failing to remove existing architectural barriers, defendants have discriminated against persons with disabilities, specifically those with mobility impairments, by denying them full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered at the Office Building, in violation of Title III of the ADA, specifically 42 U.S.C. §12182 (a).

**Failure to Remove Architectural Barriers
or Modify Policies: Unlawful Discrimination**

12. Defendants have failed to remove the above mentioned architectural barriers at the Office Building and to make reasonable modifications in its policies, practices and procedures to afford full and equal access and enjoyment of those areas of the Office Building constructed prior to the effective date of the ADA by persons with disabilities covered by Title III of the ADA, in violation §42 U.S.C. 12182(b)(2)(A).

**Standing: Phillips's Visit and Intention to Return to the Office Building**

13. On February 23rd, 2012, Phillips visited the Office Building, but was injured because her full and equal enjoyment of the Office Building was denied and curtailed by the presence of the conditions set forth above.

14. Phillips has a present intention and desire to visit the Office Building, and expects to return within the next six months.

WHEREFORE, Phillips demands judgment against defendants, and requests:

A. That the Court declare that the place of public accommodation at issue in this case, to wit, the Office Building, owned, leased and/or operated by defendants is not readily accessible to Phillips violative of the ADA;

B. That the Court enter an order directing defendants to alter and renovate the place of public accommodation at issue in this case, to wit, the Office Building, to make it readily accessible to and usable by individuals with disabilities to the full extent required by the ADA;

C. That the Court enter an order directing defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow them to undertake and complete the alterations and renovations at the place of public accommodation at issue in this case, to wit, the Office Building;

D. That the Court award reasonable attorneys' fees, litigation costs (including expert fees) and other expenses of suit, to Phillips; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

                Respectfully submitted,

                _____/s/ Joel R. Zuckerman_____
                Joel Zuckerman
                Maryland Federal Bar No. 12730
                Maxwell & Barke LLC
                51 Monroe Street, Suite 806
                Rockville, MD 20850
                Telephone:  (301) 309-8300
                 Facsimile:   (301) 309-8303
                E-mail: zuckerman@maxlaw.us
                *Attorneys for the plaintiff*